# United States District Court
# Northern District of Georgia

*FILED IN CLERK'S OFFICE U.S.D.C. - Atlanta*
*MAR 21 2022*
*KEVIN P. WEIMER, Clerk*
*By: Deputy Clerk*

AZARIAH MILLER,

    Petitioner,

                      Case No: 1:22- CV-630- MHC

V.

STEFFON DILLON MOORE,

    Respondent.

<u>Answer to Petitioner's Claim</u>

<u>1.</u>

Petitioner and Respondent were married on March 30th, 2012, in Miami, Florida. Both parties lived in the State of Florida until they both relocated to Bahamas on or about September of 2012. Petitioner moved to Nassau and Defendant moved to Freeport

<u>2.</u>

Minor child; A.S.D.M born June 13th, 2013, as a result of the marriage to wit, born in the Bahamas.

3.

There was an agreement between both parties that the child's primary domicile during his formative years would be in The Bahamas where he would be primarily under the care and attention of his Mother, due to the nature that Respondent was residing on another island for work as the Petitioner wanted to attend school. Petitioner is a Bahamian National while Defendant holds dual citizenship from the United States and The Bahamas.

4.

In objection to Petitioner's original statement, it was in fact February of 2018 that Respondent began to reside on the Island of Nassau, Bahamas. Petitioner continued residency on the island of Nassau, Bahamas in 2013 where she attended school. Respondent moved to Atlanta, Georgia in January of 2019. Both parties had discussed moving to the United States

as a family unit in attempt to reconcile differences in the marriage. Minor child relocated to Atlanta, Georgia in January of 2020 and Petitioner was to follow as soon as arrangements were made for lawful citizenship, in which Respondent submitted application for with The National Visa center. Sometime in April of 2020 Petition withdrew from the idea of relocation due to there own claims of being uncomfortable with Respondent, Petitioner then called an end to the marriage. Respondent states he believe the split was due to an intimate relationship Petitioner had outside of the marriage that caused both parties to reconsider Petitioner's original relocation plans.

<u>5.</u>

Respondent objects and states that there is no recollection of events to his own knowledge where Minor child has had to diffuse altercations or arguments between Petitioner and Respondent. The conversation of filing for

Divorce between both parties was suggested December of 2020, whereas it was agreed upon that Respondent would file for the divorce. Petitioner initiated a divorce action against the Respondent in The Bahamas, where Respondent's father was served in Dekalb County, Georgia on or about February 2021.

<u>6.</u>

On or about January 2020, the Respondent attended a meeting at the U.S Embassy in Nassau, Bahamas for the purpose of securing U.S citizenship for the minor child. At the meeting, Respondent was informed that more documentation was required to process the citizenship application, documentation that he was not able to rightfully retain without Petitioner's assistance with producing.

<u>7.</u>

In objection to Petitioner's claim of a meeting that was to be held at the U.S Embassy in January of 2020, both Parties were aware that under the direction of the case manager at the

Embassy; that supporting documents to secure Minor child's residency could be emailed.

8.

Respondent departed The Bahamas with Minor Child on January 8th, 2020 after Petitioner dropped both Minor child and Respondent off at the airport. Minor child now resides in Dekalb County, Georgia with Respondent.

9.

Petitioner forfeited her right to obtain immigration status via Respondent's sponsorship. Application was submitted for Petitioner, but due to Petitioner not wanting to continue relocation, application was withdrawn. September of 2021 there was an agreement for child to come The Bahamas for Christmas Holiday. Petitioner never produced documents as agreed upon by both parties. This included an itinerary for Minor child's departure and return ticket. The disagreement became once Petitioner asked Respondent to purchase a return

ticket, which was not within the original agreement between the two Parties. Respondent has not deprived Minor child nor Petitioner with means of communication. Minor child has their own mobile phone with working service for Petitioner to facetime or make phone calls to without disruption to Respondent.

## 10.

In objection to Petitioner's statement that Petitioner has been trying to retrieve Minor Child since January of 2020; recorded conversation can prove that Petitioner only wanted to obtain custody of the child after Divorce terms were discussed. Petitioner was served with Divorce in May of 2021 at her employer in The Bahamas.

## 11.

In objection to Petitioner's claim that child must sneak and speak with her is false. Minor child is instructed to speak with Petitioner in a private area of his choice in order to respect

the privacy of others that live in the residency in Dekalb County, Georgia. In fact, Respondent encourages Minor child to accept calls and video calls from Petitioner.

12.

Respondent objects to Petitioner's claim of engaging in consumption of contraband in the presence of minor child and being a drug addict. Respondent is not subject to express what is done in their personal time in respect to subject matter jurisdiction.

## COUNT 1- WRONGFUL RETENTION

The Respondent restates and re-alleges the allegations presented in Paragraphs 1-12 as if fully set forth herein.

13.

The Convention applies to cases where a child under the age of sixteen years has been removed or retained from his or

her habitual residence in breach of rights of custody of a petitioner, which Respondent has not unlawfully retained child as Respondent and Petitioner agreed when minor child was retained by Respondent that the entire family would be relocating.

### 14.

The minor child is under the age of 16.

### 15.

The minor child was born in The Bahamas but has retained lawful citizenship in the United States. Minor child is apart of Respondent's family and social network in Dekalb County. Child participates in several extracurricular activities including Football, in which minor child has invested most of his personal time too. Child also is currently undergoing current evaluation for IEP to help improvement with his school studies as minor child has been considered to suffer from attention deficit hyperactivity disorder (ADHD) and Dyslexia.

## 16.

Father has rights to child under Bahamian Law.

## 17.

Without full agreement of the Petitioner, The Courts of The Bahamas must determine the best interest of the Minor Child.

## 18.

Respondent asks that the court take these circumstances into account in hopes that minor child remains in his custody with agreement with Petitioner for visitation.

## **PROVISIONAL AND EMERGENCY REMEDIES**

Father is not in objection and will fully comply with a Show Cause order for both Father and Minor Child to appear before the Counts on given day.

## 19.

Respondent is in no objection and offers full compliance on the order of not removing child from jurisdiction.

## UCCJEA DECLARATIONS

The Details regarding the minor child that are required to be provide under UCCJEA are as follows:

a. Since January 2020, the child has been physically located in Dekalb County with Father at 4760 Snap Creek Lane. Father counterclaims Petitioner's statement that minor child was unlawfully retained.

b. From the time child was born up until January 2020 child resided with Mother in the Bahamas at 29 Yamacraw Dr. Apt B, island of New Providence, In the Commonwealth of the Bahamas. Child visited with Father on weekends and break from school at 11 Brinkhill Road, Island of Freeport, Bahamas.

c. From January 2020, child has adjusted to relocation in Decatur, Georgia

d. Petitioner did not subject to jurisdiction of the Superior Court of Dekalb county; CFAN21FM4025, on January 26th, 2022.

e. Child and Mother have numerous conversations via facetime and whatsapp on minor child's own cellular device for the sake of keeping in communication. Respondent encourages communication between both minor child and Mother.

f. Father is seeking Sole and Physical custody in Dekalb County Superior Court with CFAN21FM4025 and request that a parenting plan or agreement for visitation is made in the like of minor child's wellbeing.

## NOTICE OF HEARING

Pursuant to ICARA 900(c), the Father will be given notice of any proceedings in accordance with 19-9-47 of the UCCJEA.

**Wherefore**, Respondent prays as follows:

a. That this Court considers the circumstances and decides on the like of Minor Child's interest.

b. Respondent feels Petitioner should be responsible for their own legal fees, costs, and expenses as Petitioner forfeited means of proactive communication for agreement of custody for minor child.

c. That this Court grants a decision in relief to Respondent.

On this 18th day of March 2022.

Respectfully submitted,

X _____
Steffon Dillon Moore
Respondent